# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROUNCHE S. GREEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CONNIE GIBSON, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-00679-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

　　Plaintiff Brouche S. Green, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Discussion**

**A.    Summary of Allegations**

Plaintiff, who is currently incarcerated at Correctional Training Facility in Soledad, California, brings this suit against Warden Connie Gibson; Captains Diaz, Variz, Rangel, and Gonzales; and Correctional Counselors Oliveira, Gritchlow, Bugarin, Chavez, Smith, Belmap, Bugni, Cribbs, and White for violating his rights while he was at California State Prison-Corcoran (CSP-Corcoran).

In March 2011, Facility 3B at CSP-Corcoran converted from a Level III yard to a Level IV yard, necessitating the rehousing of Level III inmates. (Comp., court record pp. 3, 4, 19, 20.) All cases were required to be scheduled for classification committee prior to referral to classification services representatives (CSR) for endorsement, and inmates who were scheduled or projected for Board of Parole Hearings (BPH) reviews within six months of CSR review were not eligible for transfer.

Plaintiff, who was a Level III inmate, had a BPH review scheduled for June 3, 2011, although the review did not occur until September 6, 2011.

On June 25, 2011, and on August 1, 2011, Plaintiff filed inmate appeals regarding his placement. On August 31, 2011, Plaintiff appeared for his annual review and he was classified as a Level II inmate at that time. On September 15, 2011, Plaintiff appeared before the unit classification committee (UCC), and he was told he would be "special transferred" immediately. (Comp., p. 4.) On October 4, 2011, Plaintiff alleges that he was placed on "confined to quarters" (CTQ) status to "shut up" his appeals attempts. (Id.) On October 21, 2011, Plaintiff again appeared before the UCC due to an error at the prior hearing, and he complained about his CTQ status. Defendant Rangel said the housing procedures were all messed up and it was out of her hands.

In November 2011, Plaintiff was moved into a Level IV Enhanced Outpatient (EOP) unit for mentally ill prisoners. Plaintiff spoke with a correctional counselor, who told him that she would talk to Defendants Gritchlow, Bargarin, and Diaz because Plaintiff's housing was "illegal," but because she was assigned only to help EOP inmates, that was all she could do for him. Plaintiff filled out a request for interview form and gave it to Sergeant Mendes, who said he would talk to Defendant Rangel.

In December 2011, Plaintiff was moved from the EOP unit to a yard which housed Level I inmates who were excluded from Level I minimum security facility placement due to disciplinary issues. Plaintiff talked to Defendant Belmap, who said Plaintiff was being placed on orientation status as a new arrival and he was considered a Level I inmate. Plaintiff showed Defendant documentation which showed otherwise, and Defendant said someone had messed up and passed his file on to avoid trouble.

On December 31, 2011, Plaintiff sent Defendant Variz a written request form seeking relief and complaining about lack of law library access, exercise, and other program opportunities.

Plaintiff spoke with Defendant Belmap again on January 8, 2012, and Defendant passed the issue to Defendant Smith, who spoke with Plaintiff on various occasions but failed to validate Plaintiff's concerns.

///

On February 9, 2012, a UCC hearing was held with Plaintiff in absentia, and he was cleared for night yard. Plaintiff alleges, however, that a night yard was never run in a Level IV housing unit.

Supported by the foregoing, Plaintiff is challenging his classification and housing assignments, and he alleges that he was denied exercise, adequate hygiene, law library access, and other program opportunities. Plaintiff further alleges that he was improperly denied a transfer to a Level II facility and he was improperly endorsed for transfer to an institution only eighty-five miles from Nevada.

### B.   Claims

#### 1.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Although Plaintiff has a protected right to file prison grievances, his conclusory allegations that he was retaliated against are insufficient to support a viable claim. Plaintiff has not alleged sufficient facts to state a plausible retaliation claim against any of the named defendants.

#### 2.   Denial of Access to the Law Library

Plaintiff does not have a freestanding right to law library access. Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996). A viable claim for denial of access to the courts requires a showing that Plaintiff sustained an actual injury to litigation and his complaint is devoid of any facts which support such a claim. Lewis, 518 U.S. at 351-52; Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011).

#### 3.   Classification and Housing Issues

##### a.   Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209,

4

221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Id. (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff does not have a freestanding constitutional right to a particular classification level or to be housed in a particular prison, see Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983) (no justifiable expectation of incarceration in a particular state); Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976) (no justifiable expectation of incarceration in a particular prison within a state), and Plaintiff's complaint is devoid of any facts which would support the existence of state-created liberty interest in either, Wilkinson, 545 U.S. at 222-23; Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

### b.     Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To maintain an Eighth Amendment claim based

on conditions of confinement, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff's attempt to base an Eighth Amendment claim on his classification and housing assignments fails, Farmer, 511 U.S. at 847; Hudson, 503 U.S. at 9, and Plaintiff's conclusory allegations regarding lack of exercise and adequate sanitation are not sufficient to support a viable claim. Plaintiff must allege sufficient facts to support the existence of an objectively grave condition of confinement and to demonstrate deliberate indifference to that condition by one or more named defendants.

### 4.     **Equitable Relief**

Finally, Plaintiff seeks declaratory and injunctive relief. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims. Rhodes, 408 F.3d at 565-66 n.8 (quotation marks omitted). Further, because Plaintiff is no longer incarcerated at CSP-Corcoran, he lacks standing to pursue any claims for injunctive relief. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). In the event that Plaintiff is able to cure the deficiencies in his claims as identified in the preceding subsections, he is limited to seeking damages.

### III.    **Conclusion and Order**

Plaintiff's complaint fails to state any claims under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and administrators or supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to each named defendant. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///
///

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   November 7, 2012**                              /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE